# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| SCOTT D. McCRACKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11CV179 LMB |
| | ) | |
| SOUTHEAST CORRECTIONAL | ) | |
| CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that it is dismissible under § 1915A. However, the Court will permit plaintiff to file an amended complaint before dismissing this action.

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Southeast Correctional Center ("SECC"), the Missouri Department of Corrections ("MoDOC"), John Doe 1 (a/k/a "Unknown Fuller"; an inmate at SECC), John Doe 2 (an inmate at SECC), and John Does 3-5 (officials at SECC).

Plaintiff alleges that on September 30, 2010, he was attacked by John Does 1 and 2 while he was returning to his cell. Plaintiff asserts that John Doe 2 was his cell mate. Plaintiff further asserts that John Doe 1 was then "allowed" into his cell and "allowed to brutally attack" him. Plaintiff claims that he suffered severe injuries as a result of the alleged attacks.

Plaintiff maintains that SECC, MoDOC, and John Does 3-5 failed to "adequately and closely supervise[]" John Doe 1. Plaintiff states in a conclusory fashion that John Does 3-5 knew that allowing John Doe 1 into plaintiff's cell posed a substantial risk to plaintiff's safety but that they disregarded that risk.

**Discussion**

The complaint is legally frivolous as to MDOC because an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

A suit against SECC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. Plaintiff has not alleged that a meeting of the minds

occurred between the inmate defendants and the SECC defendants to cause injury to plaintiff. As a result, the complaint fails to state a claim against John Does 1 or 2.

To prevail in a suit under 42 U.S.C. § 1983, an inmate seeking damages from prison officials for subjecting him to cruel and unusual punishment by failing to protect him from assault by another inmate must show something more than mere inadvertence or negligence. Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (quotations omitted). He must show the defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates. Id. (citations and quotations omitted). To establish "reckless disregard" by prison officials, an inmate must show that he was faced with a "pervasive risk of harm" and that the prison officials failed to respond reasonably to that risk. Id. (citations omitted) Moreover, a "pervasive risk of harm" may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror in the particular institution. Id. (quotations omitted). It is enough that violence and sexual assaults occur with sufficient frequency that prisoners are put in reasonable fear for their safety and to reasonably apprise prison officials of the existence of the problem and the need for protective measures. Id. (citations and quotations omitted). The

factual allegations against John Does 3-5 fall short of demonstrating "something more than mere inadvertence or negligence." Plaintiff alleges that defendants failed to properly supervise John Doe 1 and "permitted" John Does 1 and 2 to attack plaintiff. These allegations do not demonstrate that John Does 3-5 were deliberately indifferent to plaintiff's safety. Moreover, plaintiff has failed to demonstrate that a "pervasive risk of harm" existed because he has alleged only a single incident of violence. As a result, the complaint fails to state a claim against John Does 3-5.

In general, fictitious parties may not be named as defendants in a civil action. <u>Phelps v. United States</u>, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985). Plaintiff cannot ascertain the identities of John Does 3-5 through discovery because he has not set forth any non-frivolous allegations against a party with whom to engage in discovery. So, even if plaintiff's allegations against John Does 3-5 stated a claim, these defendants would still be dismissed from this action.

Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. <u>E.g.</u>, <u>In</u>

re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint no later than thirty (30) days from the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Dated this 6th day of October, 2011.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE