UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SCOTT D. MCCRACKEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:11CV179 LMB |
| ) | |
| SOUTHEAST CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. The motion will be denied.

Plaintiff filed this action, through counsel, on September 30, 2011. Plaintiff named as defendants the Southeast Correctional Center ("SECC"), the Missouri Department of Corrections ("MoDOC"), and John Does 1-5. On October 6, 2011, the Court found that the complaint failed to state a claim upon which relief can be granted, and the Court directed plaintiff to submit an amended complaint.

Plaintiff failed to timely file an amended complaint, and therefore, on November 15, 2011, the Court dismissed this action under Rule 41(b) of the Federal Rules of Civil Procedure. On November 28, 2011, plaintiff's out-of-state attorney, William Muhr, filed a motion to alter or amend the judgment as well as a proposed

amended complaint.  Subsequently, the Court struck the motion because Muhr was not a member of the Court's bar and had not submitted a request to appear *pro hac vice*.

In the instant motion, plaintiff maintains that one of his attorneys, who never entered her appearance in this case, failed to keep his Colorado counsel informed of the status of this case.  Plaintiff also maintains that she recently terminated her relationship with Colorado counsel, and as a result, Colorado counsel only recently became aware of the status of this case.  Plaintiff argues that these circumstances qualify as "mistake" or "excusable neglect" under Rule 60(b)(1).  As a result, plaintiff requests that this case be reopened and that he be allowed to file an amended complaint.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987).  "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

The circumstances presented by plaintiff are not exceptional, and plaintiff has not demonstrated excusable neglect.  Plaintiff has always had more than one attorney

in this action. The fact that plaintiff's Colorado counsel never bothered to request admission to this Court *pro hac vice* or inquire into the status of this case is inexcusable. Counsel have a duty to diligently pursue the rights of their client, and in this case they have failed to do so. Moreover, plaintiff also had a duty to keep apprised of the status of this case and to contact counsel or the Court if no progress had been made. Plaintiff failed in his duty as well. For these reasons, the Court also finds that the instant motion was not made in a reasonable time. As a result, the Court finds that relief under Rule 60(b) is not available.

Even if excusable neglect were present, however, the Court would still deny the motion, because plaintiff's proposed amended complaint is frivolous under 28 U.S.C. § 1915A.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

> allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Furthermore, plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." Fearon v. Henderson, 756 F.2d 267, 268 (2nd Cir. 1985), overruled on other grounds by Campos v. LeFevre, 825 F.2d 671 (2nd Cir. 1987); In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litigation, 623 F.3d 1200, 1208 (8th Cir. 2010) ("Post-dismissal motions to amend are disfavored.").

In the proposed amended complaint, plaintiff names as defendants SECC and John Does 1-5.  A suit against SECC is, in effect, a suit against the State of Missouri. The State of Missouri, however, is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).  Therefore, plaintiff's claims against SECC are frivolous. Additionally, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994).  An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985).  In this action, however, plaintiff has not named any

defendants whom the Court could serve with process and begin the discovery process. As a result, plaintiff's claims against John Does 1-5 are frivolous as well, and therefore, plaintiff's request for leave to file an amended complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's plaintiff's motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure [Doc. 9] is **DENIED**.

Dated this 19th day of November, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE